**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT PERSON,

     Plaintiff,

v.                                    Case No. 8:25-cv-961-TPB-AEP

ACS TECHNOLOGIES GROUP, INC.,

     Defendant.
_____/

### ORDER DENYING "DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY TRANSFER VENUE"

This matter is before the Court on Defendant ACS Technologies Group, Inc.'s "Motion to Dismiss or Alternatively Transfer Venue," filed on April 23, 2025. (Doc. 3). Plaintiff Robert Person filed a response in opposition on April 29, 2025. (Doc. 12). After reviewing the motion, response, court file, and record, the Court finds as follows:

### Background[1]

This case stems from an employment dispute between Plaintiff Robert Person and Defendant ACS Technologies Group, Inc., a technology company headquartered in South Carolina that develops scheduling and calendar software for churches and other faith-based organizations. Plaintiff started working remotely as a director for ACS in 2021 from his Florida residence.

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

According to Plaintiff, between 2020 and June 2024, he engaged in numerous discussions – including formal presentations and meetings with Defendant's officers and employees – about a project venture that he had been researching prior to his employment with Defendant.[2] He sought Defendant's approval to continue with the project before investing personally, as well as provided Defendant the opportunity to determine if the venture created any conflict of interest in Plaintiff's employment. During this time period, Defendant encouraged Plaintiff to pursue the project and supported the possibility of a partnership between Defendant and the venture; it also confirmed there was no conflict of interest.

In May 2024, Defendant began to actively recruit Plaintiff for a role in the "Emerging Ventures Department," a new department within the company. During the interviewing process, Defendant continued to tout Plaintiff's venture as a partnership opportunity. However, Plaintiff was concerned about a lateral shift from his existing role, and Defendant refused to provide details about the role or opportunity for career development. Instead, Defendant pressured him into accepting the position while withholding pertinent information about the role. Consequently, Plaintiff declined the new position on June 17, 2024.

On October 15, 2024, Plaintiff attended a meeting with ACS executives to provide an update on the venture. At the meeting, Defendant suggested for the first time that Plaintiff's long-approved venture was directly competing with Defendant. On October 25, 2024, Defendant informed Plaintiff that his current position was being eliminated, and

---

[2] At an initial case management conference held on July 16, 2025, Plaintiff's counsel described the venture as a software-based application that would match mentors and mentees within the church.

that he must take a significantly demoted position.  Defendant accepted the demoted position.

On October 26, 2024, Plaintiff received an email advising him that he must abandon his already-approved venture within two months or he would be fired.  When Plaintiff did not divest, he was terminated.

On March 18, 2025, Plaintiff filed this lawsuit in the Sixth Judicial Circuit Court in and for Pasco County, Florida, asserting claims for breach of oral contract (Count I), promissory estoppel (Count II), and breach of the implied covenant of good faith and fair dealing (Count III).  On April 16, 2024, Defendant removed the case to this Court on the basis of diversity jurisdiction.  In the instant motion, Defendant seeks dismissal for improper venue or, alternatively, transfer of the case to United States District Court for the District of South Carolina.

### Legal Standard

Under 28 U.S.C. § 1391, a plaintiff may bring a civil action in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b); *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55-56 (2013).  If a defendant challenges venue, the court must first determine if the case falls within any of these enumerated categories.  *Atl. Marine Const. Co.*, 571 U.S. at

56. If the case does not, the case must be dismissed or transferred under § 1406(a) due to improper venue. *Id.*

To the extent a defendant seeks to enforce a valid forum selection clause, it must be done through a motion to transfer venue under § 1404(a). *Id.* at 59-60; *see* 28 U.S.C. § 1404(a). A forum selection clause is "presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citations omitted). "Where a cause of action is broader than the forum selection clause in that it is not dependent upon the relationship embodied in the agreement, not connected to any terms in the agreement, not derived from the rights granted in the agreement, and involves acts by the defendant wholly unrelated to the agreement, it does not *arise out of* the agreement, and, therefore, the forum selection clause does not apply." *Thunder Marine, Inc. v. Brunswick Corp.,* No. 8:06 CV 384 T17 EAJ, 2006 WL 1877093, at *7 (M.D. Fla. July 6, 2006) (citations omitted).

Even without a forum selection clause, district courts have the discretion to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice, […] to any other district or division where it might have been brought […]." 28 U.S.C. § 1404(a); *see* Fed. R. Civ. P. 12(b)(3). Still, a plaintiff's choice of forum is given deference and, as a result, "should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F. 3d 253, 260 (11th Cir. 1996) (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)). Consequently, in the absence of a controlling forum selection clause, the movant bears the burden to show that

the proposed forum is more convenient.  *See Suomen Colorize Oy v. DISH Network*

*L.L.C.*, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011).

**Analysis**

*General Venue*

Defendant first argues that venue is improper in the Middle District of Florida

because it is not a resident of Florida and a "substantial part, if not all, of the events

giving rise to this lawsuit occurred in Florence, South Carolina, and a substantial part, if

not all, of the property at issue in this lawsuit is located in Florence, South Carolina."

When venue is challenged, the plaintiff bears the burden of demonstrating that its

selected venue is proper.  *Robey v. JPMorgan Chase Bank, N.A.*, 343 F. Supp. 3d 1304,

1313 (S.D. Fla. 2018).  In assessing whether a "substantial part of the events or

omissions giving rise to the claim occurred" in the jurisdiction selected by a plaintiff,

courts should consider "only those acts and omissions that have a close nexus to the

wrong."  *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003)).  Therefore,

the plaintiff need not select the venue with "the most substantial nexus to the dispute;

rather, [he] must simply choose a venue where a substantial part of the events giving

rise to the claim occurred."  *Cap. Corp. Merch. Banking v. Corp. Colocation, Inc.*, No.

6:07-cv-1626ORL19KRS, 2008 WL 4058014, at *2 (M.D. Fla. Aug. 27, 2008).  For

purposes of venue, substantiality "is more a qualitative than a quantitative inquiry,

determined by assessing the overall nature of the plaintiff's claims and the nature of the

specific events or omissions in the forum, and not by simply adding up the number of

contacts."  *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 433 (2d Cir. 2005).

The defense argument is not well-developed and does not include analysis or explanation as to the events or property at issue.  Here, although Defendant is based in South Carolina, the events did not occur exclusively in South Carolina.  Defendant was aware of Plaintiff's remote employment in Florida for years and expected that he would perform work for the company while based in Florida.  In his complaint, Plaintiff alleges that he was terminated while residing in Pasco County, Florida, and that Florida is where he subsequently suffered damages related to his termination.  The Court is satisfied that the Middle District of Florida is at least one proper venue for this matter.  *See Fentriss v. Gateway Bank FSB,* No. 8:15-cv-2675-T-23MAP, 2016 WL 4097066 (M.D. Fla. Aug. 2, 2016) (venue deemed proper where plaintiff "suffered the injuries from defendants' conduct" in the Middle District of Florida related to claims for breach of contract and fraud).  Defendant's motion is denied as to this ground.

## *Forum Selection Clause*

Defendant argues that Plaintiff signed a non-disclosure agreement that contained a forum selection clause.  It appears that Plaintiff signed a non-disclosure agreement regarding Defendant's confidential information, intellectual property, and trade secrets. The clause reads in full:

> Jurisdiction: Employee consents to the exclusive jurisdiction
> and venue of the Court of Common Pleas, County of Florence,
> State of South Carolina in any action arising out of or relating
> to this Agreement. Employee waives any other venue to which
> Employee might be entitled by domicile or otherwise.

Again, the defense argument is not well-developed.  Defendant does not explain why a forum selection clause in a non-disclosure agreement should govern this contractual or quasi-contractual dispute concerning Plaintiff's employment.

While forum selection clauses are "presumptively valid and enforceable," the NDA simply does not control all possible claims emanating from Plaintiff's employment with Defendant. This is because a plaintiff's claim only "relates to" an agreement when "the dispute occurs as a fairly direct result of the performance of contractual duties." *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001). The duties in the NDA cover Plaintiff's obligation and agreement not to disclose confidential intellectual property belonging to Defendant. Yet here, all of Plaintiff's claims relate to his employment and an alleged agreement about his ability to pursue a personal venture. His claims are thus not a "fairly direct result" of the performance (or non-performance) of a duty to keep confidential Defendant's information. The motion to dismiss is denied as to this ground.

### *Forum Non Conveniens*

Finally, Defendant argues that transfer to South Carolina is warranted under 28 U.S.C. § 1404(a) in the interest of justice and for the convenience of the parties. Courts engage in a two-step inquiry to determine whether transfer would be appropriate under 28 U.S.C. § 1404(a). *Healthe, Inc. v. High Energy Ozone LLC*, 533 F. Supp. 3d 1120, 1126 (M.D. Fla. 2021). The first step requires the court to look at whether the action could have been brought in the transferee court. *Id.* Because ACS is a resident of South Carolina, this case could have been brought in that district. *See* 28 U.S.C. § 1391(b)(1).

In the second step, the court considers "whether convenience and the interest of justice require transfer." *Id.* (internal quotation omitted). The Eleventh Circuit has set out factors to consider, including: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience

of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The moving party bears the burden of establishing that transfer is proper. *See Healthe, Inc.*, 533 F. Supp. 3d at 1127.

Most of these factors are neutral at best. The Court specifically notes, however, that Plaintiff is accorded weight to his choice of forum, and that the relative means of the parties would slightly favor a Florida forum. Defendant's arguments concerning witness availability are unavailing – it fails to identify any particular witnesses and the materiality of their testimony, and it fails to sufficiently explain any potential hardships of those witnesses associated with a Florida venue. Defendant also does not provide sufficient information to explain how the location of corporate documents would favor transfer, and due to the remote nature of Plaintiff's position, it would appear that many documents would be electronic. Defendant's position on Plaintiff's lack of inconvenience is not convincing and not supported by the record evidence as a whole.

Defendant additionally contends that a South Carolina federal judge would be in the best position to rule on the issues in this case because the NDA contains a South Carolina choice-of-law provision. As the Court previously explained, the NDA does not appear to apply to Plaintiff's contractual and quasi-contractual claims.[3] Even if the

---

[3] Although Defendant references counterclaims, the Court notes that no counterclaims have been filed in this case at this time.

application of South Carolina law were appropriate, federal courts are competent in

applying the laws of other states, and nothing about the law of South Carolina appears to

be particularly complex in this case.  *See McKesson v. Doe*, 592 U.S. 1, 5 (2020) ("Our

system of 'cooperative judicial federalism' presumes federal and state courts alike are

competent to apply federal and state law.").  The motion is denied as to this ground.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss or Alternatively Transfer Venue" (Doc. 3) is

   **DENIED**.

2. Defendant is directed to file an answer on or before August 18, 2025.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of July,

2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE